UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCELYN BALLARD** | **CIVIL ACTION** |
| **VERSUS** | **NO:     07-00343** |
| **BUNGE NORTH AMERICA, INC.** | **SECTION: "J" (4)** |

## ORDER

On April 23, 2008, the Court granted a Motion to Compel Discovery (R. Doc. 43), filed by the Plaintiff, Joycelyn Ballard ("Ballard"). (R. Doc. 64.) In the motion, Ballard sought the award of reasonable attorney's fees associated with the motion. Consequently, the Court ordered Ballard to file a motion to fix attorney's fees into the record. (R. Doc. 64.) Specifically, the Court mandated Ballard to file:

> (1) an affidavit attesting to her attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2.

(R. Doc. 64, p. 6.)

Ballard's attorney subsequently filed a **Motion for Attorney's Fees and Costs (R. Doc. 70)**, which itemized the services rendered on the motion by Ballard's counsel, H. Edward Sherman, Jr. ("Sherman").[1] However, in direct contravention of the Court's Order (R. Doc. 64), Sherman did not (1) submit any affidavit; (2) mention his education, background, skills, or experience; or (3) provide any evidence of rates charged by local attorneys with similar experience, skill, and reputation.

---

[1] In opposition, the Defendant, Bunge North America, Inc. ("Bunge"), filed an Opposition to Plaintiff's Motion for Attorney's Fees and Costs (R. Doc. 82).

Rather, Sherman merely listed the minutes that he or his paralegal expended on the motion and indicated in a supporting memorandum that his "billing rate should be $275, which is the going market rate for successful, experienced, personal injury attorneys." (R. Doc. 70-2, p. 3.) However, he provided no evidence to substantiate this conclusory assertion. In fact, Sherman indicated that he previously billed at an hourly rate of $175.00 in 2006, but that rate "mistakenly" undervalued his time. (R. Doc. 70-2, p. 3.)

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11.

Here, because Sherman failed to supply an affidavit in compliance with the Court's mandate, Sherman has failed to satisfy his burden that his requested rate is aligned with prevailing market rates. Additionally, he also failed to provide the Court with evidence of his legal qualification and those rates of other, similarly situated attorneys. In further derogation of the Court's Order (R. Doc. 64), Ballard's counsel did not provide the requisite information necessary under Local Rule 54.2. Local Rule 54.2 provides that "[i]n all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the *date*, time involved, and nature of the services performed." L.R. 54.2 (emphasis added).

Here, Ballard's counsel submits a listing of his activities expended on the motion, and

indicates he attempted "to the best of his ability to reconstruct" the accounting of his billed time because he did not keep time slips in this contingency case. (R. Doc. 70-2.) Although the Court is mindful of Sherman's contingency billing constraints, the Court stresses that while he successfully listed the minutes expended on each activity associated with the motion to compel, he failed to indicate the dates what the activities occurred. Without the dates of when he performed his work on the motion, the Court lacks the necessary information to rule on this motion and to determine whether Sherman's fees were appropriately billed.

In fact, based on the limited information that Sherman ultimately provided to the Court, the Court concludes Sherman inappropriately billed for many activities. Particularly, Sherman billed a total of 40 minutes for "[t]ravel time to the court for hearing" and "[w]alking time" to and from the courthouse and his office. (R. Doc. 70-2, p. 2.) *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (reasoning that hours that are not properly billed to one's client also are not properly billed to one's adversary). The Court finds that costs for travel and walking times should not be billed to the client, nor Bunge. In sum, based on the collective shortcomings in Sherman's motion to fix attorney's fees, the Court denies Sherman's request to fix attorney's fees.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that Ballard's **Motion to Set Attorney's Fees (R. Doc. 18)** is **DENIED**.

New Orleans, Louisiana, this 18th day of August 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**